CIVIL PRACTICE AND REMEDIES CODE

TITLE 2. TRIAL, JUDGMENT, AND APPEAL

SUBTITLE B. TRIAL MATTERS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/13/2015 5:36:08 PM
CHRISTOPHER A. PRINE
Clerk

CHAPTER 27.   ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS

   Sec. 27.001.   DEFINITIONS.   In this chapter:
      (1)   "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.
      (2)   "Exercise of the right of association" means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.
      (3)   "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.
      (4)   "Exercise of the right to petition" means any of the following:
         (A)   a communication in or pertaining to:
            (i)   a judicial proceeding;
            (ii)   an official proceeding, other than a judicial proceeding, to administer the law;
            (iii)   an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;
            (iv)   a legislative proceeding, including a proceeding of a legislative committee;
            (v)   a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;
            (vi)   a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;
            (vii)   a proceeding of the governing body of any political subdivision of this state;
            (viii)   a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), (vi), or

APPENDIX B

(vii); or

(ix)   a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B)   a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C)   a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D)   a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E)   any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

(5)   "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

(6)   "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief.

(7)   "Matter of public concern" includes an issue related to:

(A)   health or safety;

(B)   environmental, economic, or community well-being;

(C)   the government;

(D)   a public official or public figure; or

(E)   a good, product, or service in the marketplace.

(8)   "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9)   "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following,

even if the person has not yet qualified for office or assumed the person's duties:

        (A)   an officer, employee, or agent of government;

        (B)   a juror;

        (C)   an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

        (D)   an attorney or notary public when participating in the performance of a governmental function; or

        (E)   a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.


Sec. 27.002.  PURPOSE.  The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.


Sec. 27.003.  MOTION TO DISMISS.  (a)  If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action.

    (b)  A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action.  The court may extend the time to file a motion under this section on a showing of good cause.

    (c)  Except as provided by Section 27.006(b), on the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff.

June 17, 2011.


Sec. 27.004.  HEARING.  (a)  A hearing on a motion under Section 27.003 must be set not later than the 60th day after the date of service of the motion unless the docket conditions of the court require a later hearing, upon a showing of good cause, or by agreement of the parties, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(b)  In the event that the court cannot hold a hearing in the time required by Subsection (a), the court may take judicial notice that the court's docket conditions required a hearing at a later date, but in no event shall the hearing occur more than 90 days after service of the motion under Section 27.003, except as provided by Subsection (c).

(c)  If the court allows discovery under Section 27.006(b), the court may extend the hearing date to allow discovery under that subsection, but in no event shall the hearing occur more than 120 days after the service of the motion under Section 27.003.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
    Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 1, eff. June 14, 2013.


Sec. 27.005.  RULING.  (a)  The court must rule on a motion under Section 27.003 not later than the 30th day following the date of the hearing on the motion.

(b)  Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:
        (1)  the right of free speech;
        (2)  the right to petition; or
        (3)  the right of association.

(c)  The court may not dismiss a legal action under this section

if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

(d)  Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
    Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 2, eff. June 14, 2013.


Sec. 27.006.  EVIDENCE.  (a)  In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based.

(b)  On a motion by a party or on the court's own motion and on a showing of good cause, the court may allow specified and limited discovery relevant to the motion.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.


Sec. 27.007.  ADDITIONAL FINDINGS.  (a)  At the request of a party making a motion under Section 27.003, the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

(b)  The court must issue findings under Subsection (a) not later than the 30th day after the date a request under that subsection is made.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Sec. 27.008.  APPEAL.  (a)  If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.

(b)  An appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005.

(c)  Repealed by Acts 2013, 83rd Leg., R.S., Ch. 1042, Sec. 5, eff. June 14, 2013.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 5, eff. June 14, 2013.


Sec. 27.009.  DAMAGES AND COSTS.  (a)  If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1)  court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2)  sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b)  If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.


Sec. 27.010.  EXEMPTIONS.  (a)  This chapter does not apply to an enforcement action that is brought in the name of this state or a political subdivision of this state by the attorney general, a district attorney, a criminal district attorney, or a county attorney.

(b)    This chapter does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

(c)    This chapter does not apply to a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action.

(d)    This chapter does not apply to a legal action brought under the Insurance Code or arising out of an insurance contract.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
     Acts 2013, 83rd Leg., R.S., Ch. 1042 (H.B. 2935), Sec. 3, eff. June 14, 2013.


     Sec. 27.011.  CONSTRUCTION.  (a)  This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions.

(b)    This chapter shall be construed liberally to effectuate its purpose and intent fully.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.